UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| **JAMES LARSEN, individually and on behalf of all others similarly situated,** § § § § | Docket No. 2:18-cv-1221-MPK | |
| | § | JURY TRIAL DEMANDED |
| **Plaintiff,** § § | | |
| v. § § | CLASS/COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)/ FED. R. CIV. P. 23 | |
| **EDGEMARC ENERGY HOLDINGS, LLC** § § § | Re: ECF No. 33 | |
| **Defendant.** § § | | |

## JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF SETTLEMENT

Before the Court is the Unopposed Motion for Final Approval of Class Action Settlement, Attorneys' Fees and Costs (the "Final Approval Motion"). After review and consideration of the Settlement Agreement (the "Agreement"), and other papers filed in support of the Final Approval Motion; and having received no objections to the proposed Agreement, it is hereby ORDERED that the Final Approval Motion is GRANTED. IT IS FURTHER ORDERED as follows:

1. The terms used in this Judgment and Order of Final Approval have the meanings assigned to them in the Agreement.

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), the proposed settlement of the settlement embodied in the Agreement is hereby finally approved as fair, reasonable, and adequate, and in the best interests of the Settlement Class Members (as defined in the Agreement), in light of the factual, legal, practical, and procedural considerations raised by this case. Solely for the purpose of the Settlement defined in the Agreement, and pursuant to Rule 23(e), the Court hereby makes final the certification of the following Rule 23 Settlement Class Members and finds that all individuals within the class definition set forth below are to be bound by this Judgment, except for

Clif Sibert, who filed a timely and valid Opt-Out Request Form and so excluded himself from the settlement in accordance with the terms of the Agreement and Class Notice:

> All Current and former Company Men who worked on projects for Edgemarc Energy Holdings, LLC who performed work at any time between September 15, 2015 and March 4, 2019.[1]

3.  No Settlement Class Member has submitted an objection to the Agreement. No Settlement Class Member stated any intent to appear at the final approval hearing.

4.  The Court orders that the Settlement Class is certified for settlement purposes only. The fact that the parties were willing to stipulate to class certification for settlement purposes shall have no bearing on, and will not be admissible in connection with, the issue of whether a class is properly certified in any non-settlement context. The Court's findings are solely for purposes of certifying the Settlement Class and will not have any claim, issue, evidentiary preclusion, precedent, or estoppel effect in any other action against the Defendant Releasees.

5.  The Court finds that final certification of the Settlement Class, solely for purposes of settlement, is appropriate in that: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class Members which predominate over any individual questions; (c) claims of the Class Representative are typical of the claims of the Settlement Class Members; (d) the Class Representative and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class Members; and (e) a class action settlement is superior to other available methods for the fair and efficient adjudication of the controversy.

6.  The Court confirms the appointment of Michael A. Josephson and Andrew Dunlap of Josephson Dunlap, LLP and Richard Burch of Bruckner Burch as Class Counsel and finds that

---

[1] The list of Settlement Class Members is attached as Exhibit C to the Agreement. *See* ECF 23-1.

they meet or exceed the requirements of Fed. R. Civ. P. 23(g).  The Court finds that Class Counsel did substantial work identifying, investigating, prosecuting, and settling the Settlement Class Members' claims and preserving those claims through the bankruptcy of Edgemarc. Class Counsel has substantial experience prosecuting and resolving employment class actions, particularly wage-and-hour class actions, and are well-versed in class action and wage-and-hour law.

7. The Court appoints James Larsen as the Class Representative.  The Court finds that he is an adequate representative of the Settlement Class.

8. The Court finds that the notice issued to the proposed Settlement Class has been provided in accordance with the Court's Preliminary Approval Order; that such notice was sent by mail and email in an adequate and sufficient manner; and that such notice constitutes the best notice practicable under the circumstances and satisfies the requirements of due process and Rule 23.  This Court further finds that the notice complied with Rule 23(c)(2) and Rule 23(e) and the FLSA.

9. The Court finds that the Agreement was arrived at because of arms' length negotiations conducted in good faith by counsel for the parties and is supported by the Class Representative.

10. The Court finds that the settlement as set forth in the Agreement is fair, reasonable, and adequate to the members of the Settlement Class considering the complexity, expense, and expected duration of the litigation and the risks involved in establishing liability, damages, and in maintaining the class action through trial and appeal.

11. Without affecting the finality of this Judgment, the Court hereby reserves and retains jurisdiction over this settlement, including the administration and consummation of the settlement as set forth in the Agreement.  In addition, without affecting the finality of this Judgment, the Court retains exclusive jurisdiction over the parties and each Settlement Class Member for any suit, action, proceeding or dispute arising out of or relating to this Order, the Agreement, or the applicability of

the Agreement, including, but not limited to, any dispute as to whether any person is a Settlement Class Member or disputes between any of the Defendant Releasees and any Settlement Class Member which in any way relates to the applicability or scope of the Agreement or the Final Judgment and Order of Dismissal.

12. The Court grants final approval of a Service Award in the amount of $10,000.00 to James Larsen.

13. The Court grants final approval of Class Counsel's request for attorneys' fees in the amount of thirty-five percent of the Maximum Settlement Fund or $420,000.00 and costs in the amount of $25,000.00.

14. The Court grants final approval of CPT Group's costs in the amount of $11,750.00

15. The Court ORDERS the parties to fulfill the requirements of the Agreement. All claims alleged in the lawsuit are hereby dismissed with prejudice, with each side to bear its own costs and attorneys' fees except as provided by the Agreement.

**IT IS SO ORDERED.**


DATED: November 3, 2020          _/s/ Maureen P. Kelly_____
                                 MAUREEN P. KELLY
                                 UNITED STATES MAGISTRATE JUDGE